fifth member. Under such circumstances the Director of Education questioned the opinion of the Attorney General how this vacancy could be filled. The Attorney General reached the following conclusion:

1. Under GC. 4748 a vacancy in a County Board of Education can only be filled in compliance with the provision of such section, i. e., such vacancy may be filled by a majority vote of all the remaining members of the Board.

---

No. 325

In re INTOXICATING LIQUORS

Opinion of the Attorney General
March 4, 1924

661. INTOXICATING LIQUORS—Miller bill held not to authorize the existence of so-called "card men."

CRABBE, Atty. Gen.

Epitomized Opinion

An examination instituted by the Attorney General at the instance of the Governor revealed that under this administration the prohibition commissioner had appointed 160 temporary inspectors or "card men" who carry a small card reciting that "the bearer is a duly appointed and qualified prohibition inspector and as such has all the powers conferred by the Miller bill," that only two of these "card men" are on a salary and the other have entered into arrangements of different kinds, whereby they receive a portion of the fines collected or are paid from other sources. The Attorney General held:

The Miller bill, 109 Ohio Laws 4 and 5, is the only authority for the appointment of inspectors by the prohibition commissioner; it provides for the appointment of not more than 20 regular inspectors and for the appointment of temporary inspectors not to exceed the number fixed by the governor. Both kinds of inspectors are to be paid a salary by the state. Governor Harry L. Davis fixed the number of temporary inspectors at 25.

These inspectors cannot, in performing the same duty required by law be employes of both state and a municipality or county. There is no law to justify the appointment of these "card men" and clothe them with the broad power authorized under the Miller bill, including the right of search without warrant, if they art to work for and be paid by cities or villages. It was the intent of the Miller bill that the prohibition commissioner, his deputy and inspectors, should aid the officers of the state in enforcing the law, but it never contemplated or authorized the policy now in vogue.

U. S. COURTS

No. 326

MacDANIEL v. UNITED STATES

U. S. Circuit Court of Appeals, 6th Circut
Decided Jan. 8, 1924

WESTENHAVER, J.

Epitomized Opinion

333. CRIMINAL LAW—Admission of incompetent evidence, though erroneous, held harmless when fact otherwise proved—Objection to admission of lottery ticket obtained through unlawful search limited to person whose premises were searched—Right to object to admission of unlawfully seized documents in evidence waived by delay in objecting.

The plaintiff MacDaniel was indicted along with one MacNabb and one Mulholland for conspiring in violation of Criminal Code Section 213, in that they conspired to use the mails in conducting a baseball lottery. MacNabb and Mulholland entered pleas of guilty and were not tried. MacDaniel was found guilty and sentenced and prosecutes error.

The facts were that Harry Hopf, testifying on behalf of the government, identified certain lottery tickets set forth in the indictment as having been delivered through the mails to one Jansen and also testified that MacNabb had admitted to him that he had mailed the tickets to Jansen. The testimony as to this admission was objected to. Jansen's testimony, introduced later, showed clearly that these lottery tickets were in fact mailed or caused to be mailed by MacNabb and this testimony was not denied.

The witness Hopf also identified other similar tickets which he had obtained by search of MacNabb's place of business, the search being made pursuant to a search warrant issued without sufficient supporting affidavit.

Hopf also produced and identified documents obtained by searching MacDaniel's printing office, which documents were admitted in evidence over objection and exception. They were material evidence tending to show that MacDaniel, Mulholland and others were engaged in the criminal conspiracy charged. At the time of the search, MacDaniel was present and when informed what documents were wanted, he aided and assisted in finding them, and at a preliminary hearing before the United States Commissioners, MacDaniel was represented by counsel, at which time the documents were introduced in evidence without objection and the first objection to the use of the documents as evidence appears to have been made at the trial.

It was contended that Hopf's testimony as to MacNabb's admission was not competent against MacDaniel; that the lottery tickets obtained by the illegal search of MacNabb's place of business was not admissible in evidence against MacDaniel; that the warrant to search MacDaniel's place of business was void and that the search and seizure was illegal because neither the affidavit nor the preliminary examination of Hopf conformed to statutory requirements and therefore, the documents seized in MacDaniel's place of business were not admissible.

The Circuit of Appeals held:

That it was immaterial whether the admission of MacNabb, which was admitted in evidence was improper, inasmuch as the error was later cured when the fact which it intended to prove was later proved by Jansen's testimony which was admitted without objection.

The objection as to the admissibility of documents obtained by search of MacNabb's place of business, on the ground that it was an illegal search and seizure is not available to MacDaniel but available only to the person whose premises have been illegally searched.

The objection to the introduction in evidence of the documents seized in MacDaniel's printing office on the ground that the search warrant was illegally obtained was not well taken, inasmuch as MacDaniel had waived it by failing to object to its introduction before the trial was in progress and voluntarily aiding in conducting the search.

The judgment of conviction was affirmed.

Attorneys—Robert R. Nevin and Earl H. Turner, Dayton, O., for MacDaniel; James R. Clark, for the United States.

# This Week's Digest

### DIGEST EXPLANATION

Take any of the following paragraphs containing a parenthesis enclosing a number, and note the word or phrase next to it. Then turn to the subject noted, by using the number. Thus, if you find "evidence (480), this means that 480 is the number of the subject of evidence. Then turn to 480 to find other evidence cases. Try a few of these references, and you will soon become familiar with the system, and learn how the numbers serve to make cross references. It is to be observed, however, that in our weekly digests, some of the references are to subjects where there is but another cross reference. As the digest grows, and more cases accumulate, this objection will disappear.

## DIGEST OF OPINIONS

Published in This Week's (May 21) Abstract

**2. ABATEMENT AND REVIVOR**—Revivor of action one year after plaintiff's death is discretionary with court. Reeder v. Oestricher, OA. 2 Abs. 342.

**27. ACTIONS.** See 118, Automobiles.

**85. APPEALS**—Appeal lies from final order of county commissioners vacating a county read (1053) or any part thereof, and any interested freeholder residing nearby may appeal. Crawford Co. (Comrs.) v. Gibson, OS. Syl. 2 Abs. 341.

**101. ASSAULT AND BATTERY**—Introduction in evidence (480) of other assaults where party explains his former actions creditably held not prejudicial. Moran v. Smeltzer, OA. 2 Abs. 343.

**114. ATTORNEY AND CLIENT**—County auditor (323) not justified in refusing to issue voucher for attorney services to county commissioners, which has been duly allowed by them. State v. Goubeaux, OS. Syl. 2 Abs. 340.

**118. AUTOMOBILES**—Coroner's verdict (1235) relating to cause of plaintiff's death long after collision with automobile (480) is properly rejected (829). Reeder v. Oestricher, OA. 2 Abs.

Joint action (27) by owners for damages to automobile is not a bar to a separate action for personal injuries (829). Frank v. City Ice & Fuel Co., Cin. Sup. Ct. 2 Abs. 345.

**185. BUILDING AND LOAN ASSNS.**—Are subject to state regulation and control, and they cannot enter into contract reaching into the future touching sale of stock or memberships so as to deprive state of control of such sales. State ex v. Massillon Bldg. & Loan Co., OS. Syl. 2 Abs. 340.

Members sharing its earnings must alike bear its losses—Borrower not entitled to have credited on his loan dues theretofore paid on his unmatured running stock. Bayliss et v. Baird, Recor., OS. Syl. 2 Abs. 340.

**333. CRIMINAL LAW—(Fed.)**—Admission of incompetent evidence, though erroneous, held harmless when fact otherwise proved—Objection to admission of lottery ticket obtained through unlawul search limited to person whose premises were searched—Right to object to admission of unlawfully seized documents in evidence waived by delay in objecting. McDaniel v. U. S., U. S. App. 2 Abs. 349.

**297. CONTRACTS.** See 1279, Work and Labor.

**367. DEEDS**—Tender by executors (485), having no power to sell by will (1271) or having taken no prerequisite steps to obtain judicial authority therefor, of warranty deed signed by heirs backed by guaranty against will contest, held not offer to convey marketable title (997). Zinser v. Dornette, Cin. Sup. Ct. 2 Abs. 346.

**465. ERROR**—Court will not set aside verdict because of difference of opinion between court and jury. Verdict held to be sustained by sufficient evidence. Altamont Orchard Co. v. Miller, OA. 2 Abs. 341.

Verdict held not manifestly against the weight of evidence—No error committed in court's charge. Moran v. Smeltzer, OA. 2 Abs. 343.

See 101, Assault and Battery; 118, Automobiles; 1063, Sales.